MICHAEL J. SACKSTEDER (CSB NO. 191605)
msacksteder@fenwick.com
BRYAN A. KOHM (CSB NO. 233276)
bkohm@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Plaintiff
OpenDNS, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPENDNS, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>PAXFIRE, INC., and HALSEY MINOR,<br><br>            Defendants. | Case No.: 5:11-cv-05101-EJD<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

      Plaintiff OpenDNS, Inc. ("OpenDNS") submits its First Amended Complaint for Declaratory Relief against Paxfire, Inc. ("Paxfire") and Halsey Minor ("Minor") as follows:

**THE PARTIES**

      1.     OpenDNS is a California corporation with its principal place of business in San Francisco, California.

      2.     On information and belief, defendant Paxfire is a Virginia corporation with its principal place of business in Sterling, Virginia.

      3.     On information and belief, defendant Minor is an individual who resides in this District.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201-2202, 1338, and 1331. The controversy arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.* and relates to the non-infringement of U.S. Patent No. 7,631,101 (the "'101 Patent"), which, upon information and belief, is owned by defendants.

5. A real, immediate, and justiciable controversy exists between OpenDNS and defendants relating to allegations by defendants that certain OpenDNS products and services infringe any valid claims of the '101 Patent.

6. On information and belief, this Court has personal jurisdiction over defendants because defendants have constitutionally sufficient contacts with this judicial District as to make personal jurisdiction proper in this District. Defendants have purposefully availed itself of the benefits and protections of the laws of this State, including this judicial District, in connection with its conduct in wrongfully asserting the '101 Patent against OpenDNS, and in pursuing licensing and enforcement activities regarding the '101 Patent throughout California. Defendant Paxfire is a registered corporation with the California Secretary of State and has a registered agent for service of process in California. On information and belief, defendant Minor resides in this District.

7. On information and belief, defendants do and have done substantial business in this judicial District, including regularly doing business or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to individuals in this District and in this State.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391 (b) and (c).

**FACTUAL BACKGROUND**

9. OpenDNS is a provider of security and infrastructure products and services that make the Internet safer through integrated Web content filtering, anti-phishing and DNS. OpenDNS products and services enable consumers and network administrators to secure their networks from online threats, reduce costs and enforce Internet-use policies.

10. On information and belief, defendants are the present owners of all right, title, and

FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT      2      Case No.: 5:11-cv-05101-EJD

interest in the '101 Patent.

11. Defendants have alleged that various OpenDNS products and services infringe U.S. Patent No. 7,631,101 (the "'101 Patent"), issued on December 8, 2009, and entitled "Systems and Methods for Direction of Communication Traffic." A true and correct copy of the '101 Patent is attached hereto as Exhibit A.

12. On August 30, 2011, Charles Allen Bargfrede, Esq. attorney for Paxfire, Inc., wrote to OpenDNS, Inc., expressly charging that various OpenDNS products infringe the '101 Patent. Mr. Bargfrede enclosed a copy of the patent with his letter purportedly illustrating the alleged infringement.

13. In his August 30 letter, Mr. Bargfrede threatened that Paxfire would protect its intellectual property rights if OpenDNS did not agree to license the asserted patents. Mr. Bargrede also alleged that Paxfire may be entitled to enhanced damages or OpenDNS's profits, and alleged that Paxfire may be awarded attorneys' fees.

14. In an email dated November 20, 2011, defendant Minor claims that he now owns all of the patents held by Paxfire, which on information and belief include the '101 Patent. Defendant Minor subsequently emailed OpenDNS on November 25, 2011 and repeated the threats to initiate a patent infringement action against OpenDNS.

15. By virtue of defendants' actions, OpenDNS reasonably believes that defendants intend to sue it for infringing the '101 Patent.

16. OpenDNS denies that it infringes any claim of the '101 Patent.

**FIRST CLAIM FOR RELIEF**
**DECLARATORY RELIEF OF NON-INFRINGEMENT**

17. OpenDNS incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

18. An actual and justiciable controversy exists between defendants and OpenDNS concerning whether OpenDNS infringes any claim of the '101 Patent.

19. OpenDNS has not infringed and does not infringe, directly or indirectly, whether literally or through the doctrine of equivalents, any valid and enforceable claim of the '101

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT     3     Case No.: 5:11-cv-05101-EJD

Patent.

20. Open DNS has not and does not induce other to infringe, directly or indirectly, whether literally or through the doctrine of equivalents, any valid and enforceable claim of the '101 Patent.

21. A judicial declaration is necessary so that OpenDNS may ascertain its right regarding the '101 patent. Accordingly, OpenDNS seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that OpenDNS products do not infringe any claim of the '101 Patent.

### SECOND CLAIM FOR RELIEF
### DECLARATORY RELIEF OF INVALIDITY

22. OpenDNS incorporates by reference paragraphs 1 through 21 above as though fully set forth herein.

23. An actual and justiciable controversy exists between defendants and OpenDNS concerning whether the '101 Patent is invalid.

24. Upon information and belief, one or more of the claims of the '101 Patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103 and/or 112 and the rules, regulations, and laws pertaining thereto.

25. A judicial declaration is necessary so that OpenDNS may ascertain its right regarding the '101 Patent. Accordingly, OpenDNS seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that the '101 Patent is invalid.

### PRAYER FOR RELIEF

WHEREFORE, OpenDNS prays for the following relief:

A. A judgment for OpenDNS against defendants;

B. An order declaring that OpenDNS products do not infringe, and have not infringed, the '101 Patent;

C. An order declaring that one or more claims of the '101 Patent is invalid;

D. An order declaring that defendants are not entitled to an injunction against OpenDNS;

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT     4     Case No.: 5:11-cv-05101-EJD

E.  An order granting such other and further relief as may be deemed just and appropriate.

Dated: December 1, 2011                FENWICK & WEST LLP


By: */s/ Michael J. Sacksteder*
    Michael J. Sacksteder
    Bryan A. Kohm

    Attorneys for OpenDNS, Inc.

## DEMAND FOR A JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), OpenDNS hereby demands a trial by jury on all issues so triable.


Dated: December 1, 2011                FENWICK & WEST LLP


By: */s/ Michael J. Sacksteder*
    Michael J. Sacksteder
    Bryan A. Kohm

    Attorneys for OpenDNS, Inc.