DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
JAIDEEP VENKATESAN, Bar No. 211386
jvenkatesan@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Defendant
PAXFIRE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OpenDNS, Inc.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>PAXFIRE, INC.,<br><br>　　　　　　　　　　Defendant. | Case No. CV11-05101 EJD<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Hon. Judge Edward J. Davila<br>Ctrm: 1, 5th Floor<br><br>Complaint Filed: October 18, 2011<br>Trial Date: None Set |

Defendant PaxFire, Inc. ("PaxFire") replies to Plaintiff OpenDNS, Inc.'s ("Plaintiff") First Amended Complaint for Declaratory Judgment ("FAC") herein as follows:

**THE PARTIES**

1. Admitted.

2. PaxFire admits that it is a Delaware Corporation with its principal place of business in Ashburn, Virginia. PaxFire denies all remaining allegations in Paragraph 2.

3. PaxFire lacks information and belief as to the allegations of Paragraph 3, and on that basis denies the allegations of Paragraph 3.

**JURISDICTION AND VENUE**

4. PaxFire admits that this case is a purported Declaratory Judgment Action that arises under the patent laws of the United States, 35 U.S.C. §§ 1, et seq., and that the purported Declaratory Judgment Action relates to U.S. Patent No. 7,631,101 (the '101 Patent"). PaxFire denies the remaining allegations in Paragraph 4.

5. PaxFire admits that OpenDNS purports to assert claims relating to whether certain OpenDNS products and services infringe any valid claim of the '101 Patent. PaxFire denies the remaining allegations of Paragraph 5.

6. PaxFire admits that PaxFire is a registered corporation with the California Secretary of State and has a registered agent for service of process in California. PaxFire lacks information and belief as to whether defendant Halsey Minor resides in this District, and on that basis denies that allegation. PaxFire denies the remaining allegations of Paragraph 6.

7. PaxFire admits that it does business with individuals and companies in this District and in this State. PaxFire denies the remaining allegations in Paragraph 7.

8. Denied.

**FACTUAL BACKGROUND**

9. PaxFire admits that OpenDNS is a provider of security and infrastructure products and services. PaxFire lacks information and belief as to the remaining allegations in Paragraph 9, and on that basis denies the allegations of Paragraph 9.

10. PaxFire admits that it is the present owner of all right, title and interest in the '101

- 1 -
PAXFIRE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT          CV11-05101 EJD

1 Patent.  PaxFire denies the remaining allegations of Paragraph 10.

2       11.     PaxFire admits that on August 30, 2011, counsel for PaxFire, Inc. sent
3 correspondence relating to the '101 Patent to OpenDNS.  PaxFire denies the remaining allegations
4 of Paragraph 11.

5       12.     PaxFire admits that on August 30, 2011, counsel for PaxFire, Inc. sent
6 correspondence relating to the '101 Patent to OpenDNS, which attached a copy of the '101 Patent.
7 PaxFire denies the remaining allegations of Paragraph 12.

8       13.     PaxFire admits that on August 30, 2011, counsel for PaxFire, Inc. sent
9 correspondence relating to the '101 Patent to OpenDNS.  PaxFire denies the remaining allegations
10 of Paragraph 13.

11       14.     PaxFire lacks information and belief as to the allegations of Paragraph 14, and on
12 that basis denies the allegations of Paragraph 14.

13       15.     Denied.

14       16.     PaxFire admits that OpenDNS denies that it infringes any claim of the '101 Patent.
15 PaxFire denies the remaining allegations of Paragraph 16.

**FIRST CLAIM FOR RELIEF**
**Declaratory Relief of Non-Infringement**

18       17.     PaxFire incorporates by reference its responses to Paragraphs 1-16 above as though
19 fully set forth herein.

20       18.     Denied.

21       19.     Denied.

22       20.     Denied.

23       21.     PaxFire admits that OpenDNS seeks a declaratory judgment pursuant to 28 U.S.C.
24 §§2201-2202 that OpenDNS products do not infringe any claim of the '101 Patent.  PaxFire
25 denies the remaining allegations of Paragraph 21.

26 ///

## SECOND CLAIM FOR RELIEF
### Declaratory Relief of Invalidity

22. PaxFire incorporates by reference its responses to Paragraphs 1-21 above as though fully set forth herein.

23. Denied.

24. Denied.

25. PaxFire admits that OpenDNS seeks a declaratory judgment pursuant to 28 U.S.C. §§2201-2202 that the '101 Patent is invalid. PaxFire denies the remaining allegations of Paragraph 25.

## PRAYER FOR RELIEF

26. PaxFires denies that OpenDNS is entitled to any relief from PaxFire and in particular to any of the relief in Paragraphs A-E of OpenDNS's Prayer For Relief.

## AFFIRMATIVE DEFENSES

27. PaxFire, without waiver, limitation, or prejudice, hereby asserts the following defenses:

28. The claims of the '101 Patent are valid and enforceable.

29. OpenDNS's action for declaratory judgment fails for lack of a case or controversy as OpenDNS did not have a reasonable belief that PaxFire intended to sue it for patent infringement at the time of filing of the FAC.

Wherefore, PaxFire prays

(a) That OpenDNS take nothing by its Complaint;

(b) That this case be adjudged an exceptional case and that PaxFire be awarded its attorneys' fees in this action pursuant to 35 U.S.C. §285;

(c) That this Court award PaxFire its costs and disbursements in this civil action, including reasonable attorneys' fees; and

(d) That this Court award PaxFire such other and further relief, in law or in equity, both general and special, to which it may be entitled.

Dated: January 17, 2012          BERGESON, LLP

                                 _____/s/_____
                                      Jaideep Venkatesan

                                 Attorneys for Defendant
                                 PAXFIRE, INC.

**DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury.

Dated: January 17, 2012         BERGESON, LLP

                                  /s/
                                Jaideep Venkatesan

                                Attorneys for Defendant
                                PAXFIRE, INC.