*E-FILED: June 3, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPENDNS, INC., <br><br> Plaintiff, <br> v. <br><br> SELECT NOTIFICATIONS MEDIA, LLC, <br><br> Defendant. <br> _____/ | No. C11-05101 EJD (HRL) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED INFRINGEMENT CONTENTIONS** <br><br> **(Dkts. 56, 63)** |

Plaintiff OpenDNS, Inc. ("OpenDNS") initiated this patent suit by seeking a declaration of non-infringement against Paxfire, Inc., the original owner of U.S. Patent No. 7,631,101 ("the '101 Patent"). Paxfire, Inc. then assigned the '101 Patent to defendant Select Notifications Media, LLC ("SNM") and the Court granted SNM's motion to substitute itself as a party for Paxfire, Inc. SNM has counterclaimed, accusing OpenDNS of infringing the '101 Patent. The motions before the Court concern SNM's patent infringement counterclaim. OpenDNS moves to strike what OpenDNS refers to as "amended infringement contentions" served by SNM. SNM opposes the motion, and refers to the subject contentions as "corrected infringement contentions." In the event the Court determines that serving the "corrected infringement contentions" required leave of Court, SNM moves for leave to file amended infringement contentions. On April 9, 2013, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, the court DENIES OpenDNS's motion and GRANTS SNM's motion.

**BACKGROUND**

The '101 Patent relates to the Domain Name System ("DNS") for Internet addressing. The '101 Patent claims a system that redirects requests for domain names that cannot be resolved by the DNS. The '101 Patent has two independent claims, Method Claim 1 and System Claim 8. The claims relate to redirection of Internet traffic, and describe, *inter alia*, different treatment of requests associated with hypertext transfer protocol ("HTTP") and requests that are not associated with HTTP. Both claims require determining if a request for the IP address associated with a domain name is associated with HTTP, and then taking different actions, depending on the result. Both claims include the limitation: "if the request is not associated with HTTP, forwarding to the Internet user an error response for the request" ("Error Response Limitation"). SNM claims infringement because OpenDNS's system treats HTTP requests differently from non-HTTP requests.

SNM served its Preliminary Infringement Contentions ("PICs") on September 4, 2012. The PICs included screen shots, but – oops – the screen shots for the Error Response Limitation that supposedly illustrate a non-HTTP request actually show an HTTP request. Both parties agree that this is an obvious mistake. The text of the PIC was correct, the screenshots were wrong. According to a declaration submitted by the attorney who compiled the PICs, the mistake resulted from a mislabeled file. (Rafferty Decl., Dkt. 64, ¶¶ 4-6.) The attorney relied on the label of the file, as opposed to its content, because he was not familiar with the packet tracing software that generated the screenshots. (*Id.*) This attorney left the law firm that represents SNM the day after the PICs were served on OpenDNS, and did not look at the charts again or inform anyone of the mistake.

About six hours after the error was called to SNM's attention (by Open DNS's January 4, 2013 mediation brief), SNM served "corrected PICs," which included new screen shots and a specific reference to the new screen shots in the accompanying text. The "corrected PICs" were served about two months before the opening claim construction briefing and about 5 months before the close of fact discovery (the close of fact discovery has since been extended an additional month, to July 12, 2013). About five weeks later, Open DNS moved to strike the "corrected PICs," asserting that the "corrected PICs" amounted to a substantive change in theory. SNM opposes the motion, arguing that the "corrected PICs" simply resolved a clerical error. As a precaution, SNM

2

moves for leave to amend its PICs. SNM's motion has a proposed amendment that tinkers with the earlier "corrected" text that accompanies the new screen shots. The adjusted language describes the new screen shots more accurately than the corrected text did.

## LEGAL STANDARDS

Patent Local Rule 3-6 allows the parties to amend their infringement contentions only "by order of the Court upon a timely showing of good cause." Pat L.R. 3-6. The text of the local rule provides a non-exhaustive list of circumstances which, absent prejudice to the non-moving party, may support a finding of good cause: "(a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Id.*

The local rules of the Northern District of California require parties to define their theories of infringement early on in the course of litigation. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006). By requiring the non-moving party to show good cause, Local Rule 3-6 serves to balance the parties' rights to develop new information in discovery along with the need for certainty in legal theories at the start of the case. *Id.* at 1366.

The good cause inquiry considers first whether "the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence [was] revealed." *O2 Micro*, 467 F.3d at 1363. The core is the moving party's diligence in investigating the claim and seeking to amend. *Acer, Inc. v. Tech. Properties Ltd.*, Case No. 5:08-CV-00877 JF/HRL, 2010 WL 3618687 (N.D. Cal. Sept. 10, 2010). This prevents parties from employing a "shifting sands" approach to claim construction. *See LG Electronics Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. CA 2002). In considering the party's diligence, the critical question is whether the party "could have discovered [the new information] earlier had it acted with the requisite diligence." *Google, Inc. v. Netlist, Inc.*, Case No. 08-4144 SBA, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010). The burden is on the moving party to show diligence. *O2 Micro*, 467 F.3d at 1355. The court then considers whether there would be undue prejudice to the non-moving party. *Board of Trs. Of Leland Stanford*

*Junior Univ. v. Roche Molecular Sys.*, 2008 WL 624771, at *2 (N.D. Cal. 2008). If the court finds that the moving party was not diligent in amending its infringement contentions, there is no need to consider the question of prejudice to the non-moving party, although a court in its discretion may elect to do so. *See O2 Micro,* 467 F.3d at 1368 (affirming the district court's decision refusing leave to amend upon finding the moving party was not diligent, without considering the question of prejudice to the non-moving party). Nevertheless, even if the movant was arguably not diligent, the court may still grant leave to amend. *Leland Stanford Junior Univ.*, 2008 WL 624771, at *3.

## DISCUSSION

Mistakes or omissions are not by themselves good cause. *See, e.g., Berger v. Rossignol Ski Co., Inc.*, C 05-02523 CRB, 2006 WL 1095914, at *4 (N.D. Cal. Apr. 25, 2006) *aff'd,* 214 F. App'x 981 (Fed. Cir. 2007). However, considering SNM corrected its mistake hours after OpenDNS brought the mistake to light, it appears that SNM acted diligently as soon as it discovered the mistake. Courts have allowed amendments when the movant made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery. *See, e.g., Yodlee, Inc. v. CashEdge, Inc.*, Case No. 05-01550 SI, 2007 WL 1454259, at *2 (N.D. Cal. May 17, 2007); *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, 2012 WL 5632618 at *5 (N.D. Cal. Nov. 15, 2012).

Here, it appears that SNM's inclusion of incorrect screen shots was due to an honest mistake. Common sense suggests that SNM had originally intended to show a *non HTTP* request for the claim limitation describing the response to a *non-HTTP* request – otherwise its infringement theory makes no sense. At the hearing, counsel for Open DNS admitted the obviousness of the mistake and conceded that, were the original PICs to stand, the parties would probably stipulate to noninfringement. SNM does not appear to be changing its theory of infringement, but only seeking to correct a surface-level mistake. Precluding SNM from correcting what appears to be an administrative mistake would be an unnecessarily harsh result. *See Apple, Inc. v. Samsung Elecs.*

*Co. Ltd.*, 2012 WL 5632618 at *5 (granting leave to amend error omitting entire sets of contentions relating to certain products, noting that "[t]he omission, though careless, does not appear to be motivated by gamesmanship. Precluding [plaintiff] from bringing these claims because of an administrative mistake would be an unnecessarily harsh result."); see also *Leland Stanford Junior Univ.*, 2008 WL 624771, at *3 (elevating substance over form and allowing amendment despite arguable lack of diligence). Because the "amendment" does not appear to change the infringement theory and, in any event, Open DNS received notice of the proposed amendment months before the close of discovery, leave to amend should not prejudice OpenDNS.

## CONCLUSION

For the reasons set forth above, the Court DENIES OpenDNS's motion to strike amended infringement contentions and GRANTS SNM's motion for leave to amend infringement contentions. SNM shall file its amended infringement contentions forthwith.

**IT IS SO ORDERED.**

Dated: June 3, 2013



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-05101 HRL Order will be electronically mailed to:**

Bryan A. Kohm bkohm@fenwick.com, anolen@fenwick.com

Erin Anne Simon esimon@fenwick.com, rpelayo@fenwick.com

Jennifer Hayes jenhayes@nixonpeabody.com, hbuckley@nixonpeabody.com, prwilson@nixonpeabody.com, sf.managing.clerk@nixonpeabody.com, wanthony@nixonpeabody.com

Jia-geng Lu jlu@farneydaniels.com

Jonathan Daniel Baker jbaker@farneydaniels.com, FDLitSupport@farneydaniels.com, MGoss@farneydaniels.com

Michael John Sacksteder msacksteder@fenwick.com, gdunlap@fenwick.com, jphan@fenwick.com

Robert Edward Krebs rkrebs@nixonpeabody.com, sf.managing.clerk@nixonpeabody.com

Ronald Frank Lopez rflopez@nixonpeabody.com, kkappler@nixonpeabody.com, sf.managing.clerk@nixonpeabody.com

Steven R. Daniels SDaniels@farneydaniels.com

Steven Robert Daniels sdaniels@farneydaniels.com, FDLitSupport@farneydaniels.com, jlu@farneydaniels.com, lsun@farneydaniels.com, mjacob@farneydaniels.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**